**Jimmie C. BURTON, Petitioner–Appellant,**

v.

**James STINSON, Superintendent, Respondent–Appellee.**

No. 04–0195–PR.

United States Court of Appeals, Second Circuit.

Jan. 9, 2006.

Monica Jacobson, for Vida M. Alvy, Alvy & Jacobson, New York, N.Y., for Petitioner–Appellant.

Margaret E. Mainusch, Assistant District Attorney (Tammy J. Smiley, Assistant District Attorney), for Denis Dillon, District Attorney of Nassau County, Mineola, N.Y., for Respondent–Appellee, of counsel.

PRESENT: Hon. JAMES L. OAKES, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Petitioner–Appellant Jimmie C. Burton appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court granted a certificate of appealability on two issues: (1) whether Burton's trial attorney was operating under a conflict of interest that rendered him constitutionally ineffective; and (2) whether the State's failure to correct the testimony of two prosecution witnesses denied Burton his due process rights. The district court held that both of these claims were procedurally barred and, in any event, were meritless. We presume the parties' familiarity with the facts, the procedural posture, and the scope of the issues on appeal, which we reference only as necessary to explain our decision.

Burton's argument that his trial attorney, Robert Alexander, labored under a conflict of interest is based on quotes that appeared in a newspaper article written days after the murder and robbery for which Burton was convicted. The article quotes a lawyer with Alexander's name as saying that he would be unable to represent the killers of the victim, who was a prominent Nassau County defense attorney. The district court held that this claim was procedurally barred, as it was rejected in Nassau County Court on the ground that it could have been raised in a prior motion to vacate. *See* N.Y. CPL

§ 440.10(3)(c). As such, the district court asserted that the claim had been dismissed in state court on an independent and adequate state law ground. *See Dunham v. Travis,* 313 F.3d 724, 729 (2d Cir.2002).

■ Alternatively, the district court dismissed Burton's conflict of interest claim on the ground that the county court's other holding—that the claim was meritless—was neither "contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Majid v. Portuondo,* 428 F.3d 112, 125 (2d Cir.2005). We agree. Under the Supreme Court's decision in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), a defendant who seeks to make out a Sixth Amendment violation based on an actual conflict of interest, but who did not object to the conflict at trial, must demonstrate that the conflict "adversely affected his lawyer's performance." *Id.* at 348, 100 S.Ct. 1708; *see Armienti v. United States,* 313 F.3d 807, 811 (2d Cir.2002). We cannot say on this record that the state court's determination that Alexander "engaged in an energetic and zealous defense," *People v. Burton,* Nos. 55060, 55107, slip op. at 7 (Nassau Cty. Ct. July 24, 1998), was unreasonable.

■ We similarly agree with the district court's conclusion that the county court did not apply federal law unreasonably when it held that Burton was not prejudiced by the prosecutor's failure to correct the testimony of two of the State's witnesses. To the extent that any of the witness testimony

was false, there was no "reasonable likelihood that the false testimony could have affected the judgment of the jury."[1] *United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *see Shih Wei Su v. Filion,* 335 F.3d 119, 127 (2d Cir.2003).

We have considered all of Burton's arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.

---

1. Because we agree with the district court that Burton cannot prevail on the merits of either of his claims, we do not consider, and express no opinion on, whether the state court's decision that both claims were procedurally defaulted constitutes an "exorbitant application of a generally sound rule," and therefore is not "adequate" as a bar to federal

habeas review. *Lee v. Kemna,* 534 U.S. 362, 376, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002). We also do not reach whether Burton can show "cause" for his procedural defaults and "actual prejudice" as a result of the alleged constitutional violations. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).